```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MONTANA
                    MISSOULA DIVISION
     _____
```

GREGORY PAUL NESSELRODE, and
NESSELRODE, LLC,                    CAUSE NO. CV 07-49-M-DWM-JCL

           Plaintiffs,
                               ORDER, and
      vs.                           FINDINGS AND RECOMMENDATION
                                     OF U.S. MAGISTRATE JUDGE

BRUCE A. MEASURE, TIA R. ROBBIN,
DANIEL R. WILSON,
MEASURE, ROBBIN & WILSON, P.C.,
ATTORNEYS FOR PROVIDENT FINANCIAL, INC.,
BRAD WALTERSKIRCHEN, and
PROVIDENT FINANCIAL, INC.,

           Defendants.
     _____

    Pending before the Court is Plaintiff Gregg Nesselrode's Motion for Plaintiff to Proceed Pro Se with Affidavit, and Motion for Settlement Process. The Court will address each portion of Nesselrode's motion separately.

## I. Motion to Proceed *Pro Se*

    Nesselrode's motion to proceed *pro se* cites to various provisions of law relevant to the subject matter of his case suggesting he is entitled to prosecute his claims *pro se*. Additionally, he cites to 28 U.S.C. § 1654 which provides as follows:

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / Page 1

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

The Court finds Nesselrode's motion, however, is ambiguous with regard to the relief he requests in the motion. On the one hand he asserts he cannot afford counsel to represent his "solely owned" corporation, suggesting he requests that the Court permit his corporation to proceed *pro se* and permit him to represent his corporation. On the other hand, he also argues that he is entitled to represent himself and proceed *pro se* in this case.

To the extent Nesselrode's motion requests that he be permitted to represent himself *pro se* the Court concludes it is legally unnecessary for him to file a motion to proceed in such manner. There is no question that as a matter of law, as stated in § 1654, Nesselrode is permitted to represent himself as an individual in this lawsuit. Since his motion in this regard is unnecessary it will be denied.

To the extent Nesselrode's motion requests that his corporation, Nesselrode, LLC, be permitted to proceed *pro se*, and that he be permitted to represent his corporation, the law does not support his request. Nesselrode is not an attorney, and as stated in the Court's June 18, 2007 Order his corporation may appear in federal court only through licensed counsel. *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). As stated in *High Country*

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / Page 2

*Broadcasting*, this well-settled rule is actually supported by 28 U.S.C. § 1654, and it applies even if the individual seeking to represent the corporation is the president and sole shareholder of the corporation. *See id*. *See also D-Beam Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-974 (9th Cir. 2004) (reaffirming the longstanding rule recognized in *High Country Broadcasting*). Nesselrode has not established that any exception to this rule is applicable in his case, and the Court does not find any exception is warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED** Nesselrode's Motion for Plaintiff to Proceed Pro Se with Affidavit is **DENIED**. Greg Nesselrode may represent himself in this lawsuit, but he may not represent his corporation. Therefore, Nesselrode, LLC shall make arrangements to seek legal counsel to represent it prior to continuation of this action. On or before **August 17, 2007,** Nesselrode, LLC shall submit a status report to the Court advising whether it has employed a licensed attorney. If Nesselrode, LLC does not retain an attorney to represent it the Court cannot permit it to proceed with its lawsuit.

## II.  Motion for Settlement Process

The second portion of Nesselrode's motion asserts that he is entitled to a money judgment against Defendants on the merits of his claims pursuant to the Real Estate Settlement Procedures Act (RESPA) at 12 U.S.C. § 2601. Nesselrode's motion, however, is

conclusory and does not establish he is entitled to judgment as a matter of law.  He simply requests the Court enter a money judgment in his favor.

For the reasons stated in the Court's June 14, 2007, this case has not been served on Defendants.  Defendants will not be served until after the Court conducts a preliminary screening of Nesselrode's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), if the pleading survives dismissal under § 1915(e)(2).  Therefore, none of the Defendants have appeared in this action and, consequently, they will not have an opportunity to respond to Nesselrode's dispositive motion until after the Amended Complaint is served on them, if at all.  Therefore, the Court concludes Nesselrode's motion is premature.

Additionally, this case is temporarily delayed due to Nesselrode, LLC's failure to retain counsel to represent it.  As stated above, this action cannot proceed without counsel for Nesselrode, LLC.

The Court recognizes, however, that to the extent Nesselrode's motion should be construed as a motion for summary judgment he is otherwise permitted to proceed with such a motion "any time after the expiration of 20 days from the commencement of the action[.]"  Fed. R. Civ. P. 56(a).  Nevertheless, Nesselrode has failed to establish he is entitled to judgment as a matter of law.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / Page 4

A party moving for summary judgment bears the burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A movant may satisfy that burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id*. at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Nesselrode has done nothing to meet his burden of informing the Court of the basis for his dispositive motion. This case has not yet proceeded past his initial pleading stage. Although the general subject of this case alleges Defendants illegally foreclosed on a secured real estate transaction, the specific facts of this case have not been developed. Nesselrode has not identified relevant portions of the record or the specific facts which support his legal claims. He has not filed a statement of

undisputed facts as required by L.R. 56.1(a), and he has not presented any cogent legal argument, with citation to legal authority, to demonstrate he is entitled to judgment as a matter of law.

Where a movant has failed to meet the initial burden, summary judgment should be denied regardless of the nonmovant's response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  Having failed to meet his summary judgment burden Nesselrode's motion should be denied.

To the extent that Nesselrode's motion should be construed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), his motion similarly lacks merit.  A court must view all allegations in both the complaint and the answer in the light most favorable to the non-moving party.  *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992).  "[T]he allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  On a Rule 12(c) motion, the movant must clearly establish "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *Doleman v. Meiji*

*Mutual Life Insurance Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984) (citation omitted).  *See also Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999).

Nesselrode has not made any effort to satisfy his burden under Rule 12(c).  Significantly, there is no answer from the Defendants filed in this case yet.  Even construing the allegations in his favor, Nesselrode has not presented any plausible legal argument in his motion in support of his claims.  Nesselrode has not met his burden of establishing he is entitled to judgment as a matter of law.  The Court is not obligated to establish the merits of his case for him.

**THEREFORE, IT IS HEREBY RECOMMENDED** that Nesselrode's Motion for Settlement Process should be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 31st day of July, 2007.

                                         /s/ Jeremiah C. Lynch
                                         Jeremiah C. Lynch
                                         United States Magistrate Judge